UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEAH MECCHI,

          Plaintiff,

     v.

TODD HALLQUIST,

          Defendant.

No. 2:17-cv-00110-KJM-DB

ORDER

        For three years in state court, the parties heavily litigated this case. On the eve of a trial proceeding, defendant removed the case to federal court. Before the court is plaintiff Leah Mecchi's motion to remand. Mot., ECF No. 5. Defendant Todd Hallquist opposes the motion. Opp'n, ECF No. 8. Plaintiff replied. Reply, ECF No. 15. This matter was submitted without a hearing. ECF No. 21. For reasons explained below, plaintiff's motion is GRANTED.

I.    PROCEDURAL HISTORY AND BACKGROUND

        The underlying suit is one of civil harassment, in which plaintiff successfully obtained a restraining order against defendant in June 2013. *See* Murray Decl. Ex. 1, ECF No. 7-1.[1] Plaintiff filed a request to renew the restraining order in 2016, contending that after she

---

[1] This exhibit is the Civil Harassment Restraining Order from Tehama County Superior Court, filed on June 21, 2013. Murray Decl. Ex. 1. The court *sua sponte* takes judicial notice of

1

won a money judgment against defendant, defendant stalked plaintiff with firearms on plaintiff's property. *See* Murray Decl. Ex. 2, ECF No. 7-2. The state court set a hearing on plaintiff's renewal request for March 31, 2016, but then continued it to August 17, 2016. *See* Murray Decl. Ex. 3, ECF No. 7-3. On August 15, 2016, two days before the scheduled hearing, defendant filed a motion to dismiss plaintiff's renewal request and to terminate the existing restraining order. Murray Decl. Ex. 5, ECF No. 7-5. The parties then stipulated to continuing the hearing on plaintiff's request and defendant's motion to November 14, 2016. Murray Decl. Ex. 6, ECF No. 7-6. After the hearing, the court denied defendant's motion to dismiss and set a two day trial on plaintiff's renewal request for January 19, 2017. Murray Decl. Ex. 7, ECF No. 7-7. Two days before the scheduled trial, defendant removed the case to this court. Not. Remov., ECF No. 1.

II. DISCUSSION

Plaintiff contends remand is proper because the court lacks subject matter jurisdiction. Mot. at 7. Defendant opposes the motion, contending remand is improper because the suit turns on resolution of a federal question. Opp'n at 10.

A. Legal Standards

When a case over which the district court has original jurisdiction is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). Under § 1331, district courts have original jurisdiction over civil actions arising under federal law.

Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction is also established if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983). Federal question jurisdiction cannot

/////

---

this and other state court records referenced herein. *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (a court may take judicial notice of court records).

2

rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id.* The "strong presumption" against removal jurisdiction means defendant always has the burden of establishing removal is proper. *Id.*

B. <u>Analysis</u>

Plaintiff contends nothing in this case hints at or suggests the possibility of subject matter jurisdiction. Mot. at 7. The court agrees. Plaintiff's case involves a straightforward request for renewal of a state court-issued restraining order against defendant. *See* Not. Remov. Ex. A, ECF No. 1-3 at 9. To support the request, plaintiff alleged in state court that defendant and his friends stalked plaintiff with firearms in retaliation for plaintiff's obtaining a successful money judgment against defendant in state court. *Id.* Whether renewal of the restraining order is warranted depends on the application of California law. *See* Cal. Civ. Pro. Code § 527.6 (a)(1) (a person who has suffered harassment may seek a temporary restraining order after a hearing); *see also* Cal. Civ. Pro. Code § 527.6 (j)(1) (the order may be renewed without a showing of any further harassment following issuance of the original order). Nothing in plaintiff's allegations is based on or necessarily depends upon the application of federal law. *Franchise Tax Bd.*, 463 U.S. at 28.

Defendant contends federal question jurisdiction adheres because plaintiff's restraining order, if renewed, would effectively hinder defendant's use of the area surrounding plaintiff's property, some of which is federal land. Opp'n at 10. This argument is unavailing for two reasons. First, to the extent defendant attempts to proffer a defense, this cannot serve as a basis for federal jurisdiction. *Vaden*, 556 U.S. at 60. Second, that plaintiff's restraining order inhibits defendant's movement to and from federally owned property does not establish federal jurisdiction. Defendant cites no case law supporting his novel theory. Removal was improper.
/////

3

C. <u>Attorneys' Fees</u>

Plaintiff requests the court award attorneys' fees in the amount of $2,625.00. Mot. at 8–9; Murray Decl. ¶ 13, ECF No. 7. Defendant opposes this request, contending its removal notice was "fairly supportable." Opp'n at 12.

The court has discretion to award fees and costs if remand is ordered. *See* 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorneys' fees under the attorneys' fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This test recognizes "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." *Id.* at 140.

Here, the parties litigated this matter for three years before defendant removed to this court. *See* Murray Decl. Exs. 1–2, 5. Only after the state court denied defendant's motion to dismiss and set a trial on plaintiff's request to renew the restraining order did defendant remove to this court. *See* Murray Decl. Ex. 7; Not. Remov. No objectively reasonable basis justified removal; plaintiff's case presents a garden variety state law civil harassment claim with no federal attributes. *See* Murray Decl. Ex. 2. There is no "close question" of federal jurisdiction here. *See Martin*, 546 U.S. at 141.[2] It is reasonable to infer from the timing of the removal that defendant's primary purpose was to prolong the litigation and burden plaintiff.

The court GRANTS plaintiff's request for attorneys' fees in the amount of $2,625.00.

---

[2] Defendant requests the court grant leave for jurisdictional discovery, but does not identify what jurisdictional facts discovery might reveal. Opp'n at 7. The court declines to grant this request. *Cf. Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (jurisdictional discovery request is granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary").

4

III. CONCLUSION

Plaintiff's motion is GRANTED, and this case is hereby REMANDED to Tehama County Superior Court. Plaintiff's request for $2,625.00 in attorneys' fees is GRANTED. Defendant shall pay this amount to plaintiff within fourteen (14) days of the filed date of this order. This case is CLOSED.

This order resolves ECF No. 5.

IT IS SO ORDERED.

DATED: May 18, 2017.

_____
UNITED STATES DISTRICT JUDGE